IN THE MATTER OF THE PETITION OF THE LITTLE FERRY NATIONAL BANK, LITTLE FERRY, NEW JERSEY, FOR THE MAKING AND FILING OF AN ORDER THAT THE MUNICIPAL CORPORATION, TOWNSHIP OF LODI, HAS DEFAULTED FOR OVER SIXTY DAYS IN THE PAYMENT OF THE PRINCIPAL AND INTEREST OF ITS CERTAIN OUTSTANDING NOTES AND BONDS HELD BY PETITIONER, TO THE END THAT THE MUNICIPAL FINANCE COMMISSION CREATED PURSUANT TO THE PROVISIONS OF AN ACT ENTITLED, "AN ACT CONCERNING MUNICIPAL FINANCES," CONSTITUTING CHAPTER 340 OF THE LAWS OF 1931, AND ANY SUPPLEMENTS THEREOF AND AMENDMENTS THERETO, SHALL HAVE AND EXERCISE WITH RESPECT TO SAID MUNICIPALITY THE POWERS AND DUTIES PRESCRIBED BY SAID ACT.

Decided January 21, 1935.

Before Justice BODINE, sitting alone pursuant to the statute.

For the petitioner, *McDermott, Enright & Carpenter.*

For the township of Lodi, *Chandless, Weller & Selser.*

BODINE, J. An application was made under chapter 340 of the laws of 1931 (*Pamph. L., p.* 830), as amended and supplemented, to the end that the municipal finance commission function in the township of Lodi.

The applicant is a national banking association. It holds a large number of township notes and bonds on which the interest has been in default over sixty days. There is no dispute that the bank is the holder for value of the municipal obligation in question.

The contention is made that as to some of the obligations that the same were unconstitutionally issued and as to others that the Pierson act (*Pamph. L.* 1916, *ch.* 252, *p.* 525), was not complied with.

The laws of 1931, page 830, provide merely for a summary hearing as to the default. It is conceded that there was such default. To delay action merely because there may be some question as to the validity of issue of some of the municipal obligations would defeat the very purpose for which the act was intended. Municipal financing, past and present, must be placed on a sound basis.

In order for the court to safeguard the interest of the municipality and the bondholders, it is not necessary to determine more than the circumstance that obligations were issued for value, upon which interest was once paid, but which are now over sixty days in default.

The Pierson act (*Pamph. L.* 1916, *p.* 252, § 10), provides as follows: "Any bonds reciting that they are issued pursuant to this act, shall in any suit, action or proceeding involving their validity be conclusively deemed to be fully authorized by this act and to have been issued, sold, executed and delivered in conformity herewith and with all other provisions of statutes applicable thereto, and shall be incontestable anything herein or in other statutes to the contrary notwithstanding, unless such suit, action or proceeding is begun prior to the delivery of such bonds."

At all events, some of petitioner's obligations so recite. In this proceeding, the validity of these obligations, and other obligations issued for value, may not be questioned.

The rule will be made absolute.